UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RECOVERY DATABASE NETWORK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-01923-SEB-MPB |
| ) | |
| HOLLY BALOGH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| ) | |
| HOLLY BALOGH, ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| RECOVERY DATABASE NETWORK, INC., ) | |
| ) | |
| Counter Defendant. ) | |

**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**

This cause is before the Court on Plaintiff/Counter Defendant's Motion for Judgment on the Pleadings [Docket No. 14], filed on September 29, 2016. For the reasons below, the motion is GRANTED.

**Background**

Plaintiff/Counter Defendant Recovery Database Network, Incorporated ("Recovery") is a Delaware corporation with its principal place of business located in Carmel, Indiana. Defendant's Answer [Docket No. 7], ¶ 4. Defendant/Counter Plaintiff

Holly Balogh ("Balogh") is a former employee and Chief Operations Officer at Recovery. *Id.* ¶¶ 6 and 13. They are currently embroiled in a contract dispute over the terms of an Employment Agreement and a Separation Agreement. Recovery sued Balogh for declaratory judgment to define its rights and obligations after Balogh's alleged breach of those Agreements. Balogh subsequently filed a counterclaim requesting declaratory judgment against Recovery that it be found to have breached its obligations thereby entitling her to severance pay. She also has pled counterclaims for breach of contract and violations of the Indiana Wage Claims statute.

The underlying facts of this dispute reveal that Recovery hired Balogh in July 2012. *Id.* ¶ 6. Three years later, in October 2015, she was promoted to Chief Operations Officer in connection with which she executed an Employment Agreement, containing a Restrictive Covenant ("RCA"). *Id.* ¶¶ 13, 14; Dkt 1-1, pp. 13–19. As part of the Employment Agreement, Recovery agreed to provide Balogh a severance package in the event of her termination without cause. That provision stated as follows:

> If the Triggering Event was a Termination Without Cause, in exchange for the Employee's execution of a full and complete waiver and release of any and all claims against the Company, its parent and affiliated entities, its successors and assigns, and each of their officers, directors, agents, and employees, the Company shall provide to the Employee a "Severance Package" that includes as severance, an amount equal to the Employee's annual base salary for a one (1) year period at the rate in effect as of the Termination Without Cause. All such severance payments shall be paid to the Employee in accordance with the Company's normal payroll practices, but in no event, less frequently than twelve (12) equal monthly installments. The Company may accelerate the payments in its sole discretion. In addition, the Severance Package shall also provide, as followed by law and at the Company's expense, continued coverage for the Employee and the Employee's beneficiaries as then in effect for a period extending through the earlier of (i) the date Employee begins any subsequent full-time employment

> for pay or (ii) the date that is one (1) year after the date of the Termination Without Cause, under the Company's group health plan covering the Employee and the Employee's beneficiaries, provided that Employee properly elects coverage pursuant to Title I, Part 6 of the Employee's Retirement Income Security Act of 1974, as amended ("Cobra"). The Employee acknowledges and agrees that the Severance Package provided in this section is in lieu of and exclusive of any other severance and benefits to which Employee may be entitled.

Dkt. 1-1, Ex. A p. 3 Art. 2 § d(i).

For reasons not at issue in this litigation, Balogh's employment with Recovery ended on February 22, 2016. Dkt. 7, ¶ 17. On March 8, 2016, Recovery and Balogh entered into a Separation Agreement and Voluntary Release of All Claims ("Separation Agreement"), which contained the specific terms governing payment of Balogh's severance entitlements. Dkt. 1-1, Ex. B p. 2 ¶ 1. As part of the Separation Agreement, Balogh agreed to fully comply with the terms of the RCA and conceded that any breach of the RCA would constitute a material breach of the Separation Agreement.

Recovery contends that it has been relieved of its obligation to pay Balogh's severance package because Balogh breached the provision of the RCA requiring that she return all its property. The provision reads as follows:

> Upon termination of employment for any reason, on or before the termination date, Employee will deliver to the Company and not keep in Employee's possession, recreate or deliver to anyone else, any and all devices, books, hardware, security passes, credit cards, records, data, notes, reports, proposals, lists, correspondence, specifications, materials, equipment, other documents or property of reproductions of such items developed by Employee pursuant to employment with the Company or otherwise belonging to the Company . . . Failure to comply with this paragraph is a material breach of this Agreement and the Employment Agreement.

Dkt. 1-1, Ex. A p. 8 ¶ 3.1.

3

Due to ongoing problems with Recovery-issued computers that began in August 2015, Balogh performed her work for Recovery on both company-owned and personally-owned computers. These problems continued until January 2016, when Balogh received a new laptop from Recovery. Dkt. 13-1, Ex. A p. 2. To "get everything in one place," Balogh transferred files from multiple computers onto the new Recovery-owned laptop. *Id.* Among the data transferred onto the new laptop were drafts of documents, personnel documentation and recognition, old information, and, of most concern to Balogh, a password file that included personally sensitive password information, such as personal banking passwords. *Id.*

Prior to her termination in February 2016, Balogh inserted multiple USB drives into the Recovery-owned laptop in an attempt to find a drive containing enough available storage to copy the entire C-drive of that laptop. Dkt. 7, ¶ 19. Once she identified a USB with sufficient available memory, she copied the entire C-drive from the Recovery laptop. *Id.* Balogh then used a data-wiping program to remove any and all sensitive information from the Recovery-owned laptop to maintain the privacy of her personal information before returning the laptop. *Id.* Balogh alleges that her motivations for copying the C-drive were to preserve information for the benefit of Recovery "in the off chance that [her] support was needed in a matter that [she] was involved in during [her] tenure at RDN…." Dkt. 13-1, Ex. A p. 2.

4

Recovery notified Balogh by a letter dated April 26, 2016 of "Irregularities Discovered During Forensic Review of Work Computer" and requested that Balogh provide Recovery with the USB drives that she had inserted into the laptop. Dkt. 13-1, Ex. A p. 2; Dkt. 7, ¶ 19. The following day Balogh sent the requested USBs to Recovery with a letter explaining in detail the history of her computer challenges that necessitated copying the Recovery-owned laptop's C-drive. Dkt. 7, ¶ 23; Dkt. 13-1, Ex. A. To the best of her knowledge, upon returning the USBs, Balogh has returned all of Recovery's information and property. Dkt. 7, ¶ 24.

Balogh received letters from Recovery dated May 2 and May 25, 2016 informing her that she was in breach of her Employment Agreement and Separation Agreement, and indicating that Recovery planned to terminate her severance payments. *Id.* ¶ 26. On June 10th Recovery sued Balogh in Hamilton Circuit Court for Declaratory Judgment, seeking a declaration of its rights and obligations relating to Balogh's separation of employment. Specifically, Recovery requested a declaration that Balogh had breached the Employment Agreement, RCA, and Separation Agreement, and that, Recovery is therefore not obligated to pay Balogh any remaining severance pay. Dkt. 1-1, ¶ 2; Dkt. 7, ¶ 2. On July 20th the case was removed to this court based on diversity jurisdiction. Dkt. 1, ¶ 2.

After removal, Balogh has asserted three counterclaims: (1) Breach of Contract, based on Recovery's refusal to pay amounts due under the Separation Agreement; (2) a Wage Claim, pursuant to the Indiana Wage Claims Statute also

5

related to Recovery's refusal to pay severance payments; and (3) a request for Declaratory Relief seeking a ruling that Recovery breached the Separation Agreement and must pay the severance payments, and that she is no longer bound by the restrictive covenants. Dkt. 7, pp. 11–13.

On September 29, 2016, Recovery moved for Judgment on the Pleadings contending that Balogh's breach of the RCA and Separation Agreement vitiates any obligation it may have had to pay severance payments under the Separation Agreement. Further, Recovery has argued that Balogh's claim under the Indiana Wage Claims statute fails because it is not statutorily obligated to pay her severance payments, or, in the alternative, severance payments are not "wages" as that term appears in that statute. Dkt. 14.

**Standard**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the pleadings are closed, but early enough not to delay trial. We review motions for judgment on the pleadings under the same standard by which we review motions to dismiss for failure to state a claim under Rule 12(b)(6). *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)) (internal quotations omitted). In determining the

6

sufficiency of a claim under this standard, the court considers all allegations in the nonmovant's pleading to be true and draws such reasonable inferences as required in the nonmovant's favor. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000).

## Discussion

This dispute emanates from competing claims about the rights and obligations imposed by the Agreements between Recovery and Balogh respectively. The contentions have merged into two opposing declaratory judgment requests about which party is in breach of their respective obligations. Balogh has added two more claims for breach of contract and recovery under the Indiana Wage Claims statute. Balogh's claim under the Indiana Wage Claims statute is contingent on the court ruling in favor of Balogh on her contract claim. For the following reasons, we GRANT Declaratory Judgment in favor of Recovery, declaring Balogh breached the Employment Agreement, RCA, and Separation Agreement, and, consequently, Recovery is not obligated to pay Balogh any remaining severance payments. We DISMISS WITH PREJUDICE the counterclaims brought by Balogh as well.

### I. Breach of Contract

It is undisputed that Balogh entered into the Employment Agreement, which integrates the RCA as an exhibit, and the Separation Agreement, which reaffirms her obligations under the RCA. There is no dispute that Balogh agreed to return all of Recovery's property upon her termination as detailed in the RCA. The parties unequivocally agreed that if Balogh failed to comply with the RCA, then that failure

7

would constitute a material breach, thereby relieving Recovery from its obligation to pay Balogh severance.

The parties do not dispute that they agreed to the contract, so "the intent of the parties should be determined by the language employed in the document." *Thomas v. Thomas*, 577 N.E.2d 216, 219 (Ind. 1991). And "[t]he contract must be read as a whole when trying to ascertain the parties' intent." *OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1315 (Ind. 1996). "Where the terms of a contract are clear and unambiguous, the terms are conclusive and we will not construe the contract or consider extrinsic evidence, but merely apply the contractual provisions." *Jackson v. DeFabis*, 553 N.E.2d 1212, 1215 (Ind. Ct. App. 1990). These foundational contract principles mean, barring a request to blue pencil the contract that is not present here, a party simply cannot expect the Court to selectively enforce certain provisions of the contract according to its wishes when such action would deviate from the parties' agreement as a whole.

The relevant contract provision in this litigation is a property-return provision that requires the return of company property "[u]pon termination of employment for any reason, on or before the termination date." Dkt. 1-1, Ex. A p. 8 ¶ 3.1. Here, the relevant company property that was not returned is the backup files stored on the USBs that Balogh inserted into the Recovery-owned laptop before using the data-wiping program. Recovery requested the USBs' return by letter on April 26, 2016—more than two months after Balogh's employment had ended. In Balogh's Answer, she admits that in response to Recovery's letter "she provided [Recovery] with the *requested* drives without delay." Dkt. 7, ¶ 23 (emphasis added). In a letter to Recovery, dated April 27, 2016, Balogh

8

writes "[i]ncluded with this letter are two Lexar USB drives" that have Recovery's files on them. Dkt. 13-1, Ex. A p. 2. Taken together, these facts make clear that Balogh's return of the USBs had been delayed well past the time for relinquishment as required by the RCA. Thus, Balogh was in breach of paragraph 3.1 of the RCA for failure to return Recovery's property on or before her termination date and is in breach of the Employee and Separation Agreements, negating Recovery's obligations to pay separation payments.

Balogh, in rejecting this conclusion, rejoins: (1) that Recovery relies on complaint allegations which she has denied, (2) that her actions were not blameworthy, and (3) that any breach by her was immaterial. However, Balogh's contentions are unsupported by the text of the Agreements as well as the applicable principles of law.

Balogh argues that Recovery relies on factual allegations which she has denied in paragraphs 15, 16, 19, 21–23, and 25–27 of her Answer [Docket No. 7], which forecloses a motion for judgment on the pleadings. Some of her referenced denials, however, are merely partial denials, allowing Recovery to rely on the admitted facts. Recovery has limited its arguments to Balogh's admissions. That said, Balogh's denials in paragraphs 15 and 16 appear at first blush to be problematic for Recovery because Balogh has denied being required to return the company property by the date of her separation, as provided in the RCA, maintaining that she never "agreed to return company property upon termination of her employment for any reasons on or before the termination date" or that "[f]ailure to return company property is a material breach of the Employment Agreement and RCA." Dkt. 7, ¶¶ 15–16.

9

However, Balogh has admitted that she signed the RCA, *id.* at ¶ 14, and has incorporated the Employment Agreement and Separation Agreement into her counterclaim, which underpin her legal claims. Def.'s Countercl. ¶¶ 7–12. As we have previously noted, the Employment Agreement incorporates the RCA, and the Separation Agreement reaffirms Balogh's "duties, obligations and restriction under Exhibit A to her Employment Agreement, entitled 'Restrictive Covenant Agreement' ('RCA')…." Dkt. 1-1, Ex. B ¶ 14. Further, the Separation Agreement states "that full compliance with the terms and conditions of the RCA are [sic] a material part of this [Separation] Agreement, and any breach of the RCA by Employee constitutes a material breach of this Agreement…." *Id.* ¶ 15. Balogh's agreeing to the Employment and Separation Agreements includes her agreement with the terms of the RCA. Thus, the pleadings clearly defeat Balogh's entitlement to relief.

"[W]here the allegations of a pleading are inconsistent with the terms of a written contract attached as an exhibit, the terms of the latter, fairly construed, must prevail over the averments differing therefrom." *Foshee v. Daoust Const. Co.*, 185 F.2d 23, 25 (7th Cir. 1950) (citations omitted) (affirming a motion to dismiss). A plaintiff pleads herself out of court "in contract disputes in which a plaintiff attaches a contract to the complaint and makes an allegation that the contract on its face clearly disputes." *N. Indiana Gun & Outdoor Shows, Inc.*, 163 F.3d at 456. Given the apparent conflict between Balogh's allegations and the language of the contract that she agreed to and regards as binding and relies upon for her claims, we are obligated to enforce the contract.

10

Balogh next maintains that she did nothing wrong in terms of retaining Recovery's property since in fact she had kept it for the benefit of Recovery. She maintains that she had no malicious intent when she committed this breach. These arguments are unavailing: "if the promisor fails to perform as agreed, he has broken his contract *even though failure may have been … in no way blameworthy*." *Patton v. Mid-Continent Systems, Inc.*, 841 F.2d 742, 750 (7th Cir. 1988) (applying Indiana law) (emphasis added). Balogh's intentions, benevolent as they might have been, are beside the point in light of her breach of paragraph 3.1 of the RCA, which occurred the moment she failed to return the USBs upon the date of her termination.

Balogh also contends that her breach was not material. Her argument here is twofold; the breach did not go to the "heart of the contract" and the relatively small liquidated damages provision demonstrates that the breach was not material. Thus, she is still entitled to the benefits flowing from Recovery's performance. Balogh relies on *State v. Int'l Bus. Machines Corp.*, 51 N.E.3d 150 (Ind. 2016) for the proposition that "the 'breach' must still go to the 'heart of the contract' for it to be material," even though "the parties' contract may provide the standard for what constitutes a material breach." Dkt. 20, p. 3 (quoting *Int'l Bus. Machines Corp.* at 158–59).

This is an incorrect reading of *Int'l Bus. Machines Corp.* The Indiana Supreme Court explicitly held in that case "that where a contract itself provides the standard for what constitutes a material breach, this is the standard that governs. The common law standard only applies in the absence of a contractual provision regarding what constitutes a material breach." 51 N.E.3d at 161. The parties defined a material breach in their

11

Separation Agreement, quoted above, as well as in the RCA. Specifically, the parties agreed that Balogh's compliance with the RCA was a material part of the Separation Agreement and any breach of the RCA is a material breach of the Separation Agreement. The RCA also explicitly states that a failure to return all of Recovery's property "is a material breach of the [RCA] and the Employment Agreement." Dkt. 1-1, Ex. A p. 8 ¶ 3.1. Balogh's failure to return Recovery's property (the copy of the Recovery laptop's C-drive) before or upon the date of her separation, was a material breach of the Separation Agreement, relieving Recovery of its obligations to pay Balogh severance.

Next, Balogh argues that her failure to return Recovery's property after her termination could not possibly be a material breach because the parties agreed to a $1000 liquidated damages amount in the event of such a breach:

> In the event that Employee fails to timely return or delete all Company property in Employee's custody or control, in addition to any other remedies and damages available, Employee will pay Company a sum of $1,000.00 ("Damages Payment"). Employee acknowledges that the costs and damages that Company will incur in order to replace or reproduce Company's tangible property and to prevent or remedy the disclosure or effect of disclosure of Company's Confidential Information that employee failed to return or delete are not readily ascertainable and are difficult to predict or calculate at this time. Therefore, Employee agrees that the Damages payment is a reasonable estimate of Company's damages for Employee's failure to return to Company or delete from any personal device or computer any Company property in Employee's custody or control.

Dkt. 1-1, Ex. A p. 8, ¶ 3.2. According to Balogh, the RCA "has a built-in, admittedly adequate remedy for any diminished benefit of its bargain" and if her contractually-mandated return of Recovery's property "were at the heart of the RCA…the Damages Payment would have been more material than a $1000 payment." Dkt. 20, pp. 6–7.

Balogh's argument again misses the mark. As discussed above, the parties agreed that any failure to return company property by the date of separation would be a material breach. Rather than serving as the sole remedy, the $1000 liquidated damages payment is "in addition to any other remedies and damages available." Dkt. 1-1, Ex. A p. 8, ¶ 3.2. In *Int'l Bus. Machines Corp.*, the Supreme Court of Indiana found that a state trial court erred by ignoring such a reservation of rights. 51 N.E.3d at 163–64 (holding "the liquidated damages does not excuse IBM's breach"). We have no difficulty in finding that Balogh's breach was material.

The Parties agreed that if Balogh failed to return Recovery's property, before or upon separation, she would be in material breach of the Employment Agreement, the RCA, *and* the Separation Agreement. Balogh has admitted that she did in fact fail to return the property before or upon separation, and thus was in material breach. Because Balogh materially breached the Agreements, Recovery is excused from paying the remaining severance payments. We withhold comment as to the fairness of this outcome "recogniz[ing] the freedom of parties to enter into contracts and, indeed, presume that contracts represent the freely bargained agreement of the parties. … [I]t is in the best interest of the public not to restrict unnecessarily persons' freedom of contract." *Fresh Cut, Inc. v. Fazli*, 650 N.E.2d 1126, 1129 (Ind. 1995) (citations omitted).

Balogh is unable to show that she is entitled to proceed with her claims of relief or to defeat Recovery's claim. Having determined that she was in material breach of the Agreements, her counterclaims for Breach of Contract and Declaratory Relief necessarily

13

fail.[1] Accordingly, Recovery's Motion for Judgment on the Pleadings is GRANTED and we declare that Balogh breached the Employment Agreement, RCA, and Separation Agreement, and that Recovery is not obligated to pay Balogh any remaining severance pay. Also, Balogh's request for declaratory judgment and breach of contract counterclaims are DISMISSED WITH PREJUDICE.

### II.     Indiana Wage Claims Statute Claim

Balogh's counterclaim alleges that Recovery's cessation of severance payments has deprived her of wages under the Indiana Wage Claims statute. Ind. Code § 22-2-9-2. She contends that "severance pay" fits the statutory definition of wages, thus entitling her to damages. Having found that Balogh is not entitled to severance pay based on her material breach of the Agreements, we need not resolve the issue of whether her severance pay qualifies as wages under the Indiana Wages Claims statute. Balogh's claim for wages under the Indiana Wage Claims statute is also dismissed.

### Conclusion

For the reasons explained above, Plaintiff/Counter Defendant's Motion for Judgment on the Pleadings is GRANTED, and the court hereby declares that Balogh breached the Employment Agreement, RCA, and Separation Agreement, thereby relieving Recovery of any obligation to pay Balogh any remaining severance pay.

---

[1] If a party is in material breach, then it cannot "maintain an action against or recover damages from the other party to the contract." *Ream v. Yankee Park Homeowner's Ass'n, Inc.*, 915 N.E.2d 536, 547 (Ind. Ct. App. 2009).

Further, Balogh's counterclaims are each <u>DISMISSED WITH PREJUDICE</u>. Final Judgment shall enter accordingly.

**IT IS SO ORDERED.**

Date: 7/20/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP
mwohlford@boselaw.com

Robert F. Seidler
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
rob.seidler@ogletreedeakins.com

Theresa Renee Parish
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC (Indianapolis)
theresa.parish@odnss.com